UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LULA MAE TAYLOR,<br><br>                                    Plaintiff,<br><br>v.<br><br>JULIA CRAIG KELETY, individually<br>and in her official Capacity as a Judge;<br>SUPERIOR COURT OF CALIFORNIA,<br>for the County of San Diego;<br>CALIFORNIA JUDICIAL COUNCIL;<br>TRACEY D. RYMAL, individually and in<br>her appointed official Capacity as<br>Administer to the Estate of Nick Martino;<br>STIFTER LAW CORP, a California<br>Professional Law Corporation; JOHN<br>JOSEPH STIFTER IV, individually and in<br>his official Capacity, as an Officer of the<br>State Court; AND DOES 1 THOUGH 20,<br><br>                                    Defendants. | Case No.:  20-cv-1987-DMS-AGS<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTIONS TO DISMISS** |

       This case comes before the Court on Defendants Julia Craig Kelety, Superior Court

of California, and California Judicial Council's ("Judicial Defendants") motion to dismiss,

1

and Defendants Tracey Martino,[1] Stifter Law Corp, and John Joseph Stifter IV's ("Martino Defendants") motions to dismiss and to strike.  The motions have been fully briefed.  For the following reasons, the Court grants both motions to dismiss.

# I.

# BACKGROUND

This action arises out the ongoing probate matter of the estate of Nick Martino, who died of natural causes on December 31, 2019.  (Compl., ECF No. 1, ¶ 175); *see Estate of Nick Martino*, Case No. 37-2020-00002011-PR-LA-CTL (Cal. Superior Ct.).  Plaintiff Lula Mae Taylor previously married Nick Martino on December 11, 1966, and their marriage was recorded on December 14, 1966.  (Compl. ¶¶ 171–172.)

In or around January 2020, Plaintiff filed a petition in the California Superior Court, Probate Division, alleging she is the surviving spouse and successor-in-interest to Nick Martino's estate ("the Estate").  (*Id.* ¶ 178.)  Tracey Martino, Nick Martino's daughter, filed a petition to be appointed administrator of the Estate.  (*Id.* ¶ 179.)  Plaintiff alleges Tracey Martino and her attorney, John Joseph Stifter IV, violated the law by filing a fraudulent petition.  (*Id.* ¶ 190.)  On March 5, 2020, California Superior Court Judge Julia Craig Kelety appointed Tracey Martino as the administrator of the Estate.  (*Id.* ¶¶ 186, 189–190.)  Plaintiff alleges Tracey Martino subsequently removed property from the Estate. (*Id.* ¶¶ 120–131.)  On July 7, 2020, Judge Kelety denied Plaintiff's petition.  (*Id.* ¶¶ 126, 198.)  Plaintiff alleges she never divorced Nick Martino and was thus denied her rights as his surviving spouse to administer the Estate.  (*Id.* ¶ 180.)

Based on these alleged facts, Plaintiff filed a complaint against the Martino Defendants and the Judicial Defendants in this Court on October 8, 2020, alleging numerous federal civil rights violations under 42 U.S.C. § 1983 and state constitutional claims.  (Compl., ECF No. 1.)  Plaintiff seeks declaratory judgment, injunctive relief, and

---

[1] This defendant was sued as "Tracey D. Rymal," but asserts her true name is "Tracey Martino."  (Martino Defs.' Mem. of P. & A. in Supp. of Mot., ECF No. 4-1, at 1 n.1.)

damages in excess of $10 million.   (Compl., Prayer for Relief.)   Defendants' motions followed.

## II.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Lack of subject matter jurisdiction can be raised at any time by any party or *sua sponte* by the court.  *See Csibi v. Fustos*, 670 F.2d 134, 136 n.3 (9th Cir. 1982).  A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.3d 1115, 1121 (9th Cir. 1992) (citation omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although *pro se* pleadings are to be liberally construed, a plaintiff still must present factual allegations sufficient to state a plausible claim for relief.  *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010).

# III.

## DISCUSSION

### A. § 1983 Claims Against the Judicial Defendants

The Judicial Defendants move to dismiss, contending: (1) the Court lacks subject matter jurisdiction under the probate exception to federal jurisdiction and the *Rooker-Feldman* doctrine, (2) the Complaint is subject to dismissal under the doctrine of *Younger* abstention, (3) the claims against Judge Kelety are barred by judicial immunity, (4) the claims against the Judicial Defendants are barred by Eleventh Amendment immunity, and (5) Plaintiff fails to state a § 1983 claim against the Superior Court of California ("Superior Court") and the California Judicial Council ("Judicial Council").  The Court agrees with the Judicial Defendants that it lacks subject matter jurisdiction under the probate exception and the *Rooker-Feldman* doctrine, and moreover, that the Judicial Defendants are entitled to immunity. [2]

1. Subject Matter Jurisdiction

First, the Judicial Defendants contend that because Plaintiff's claims arise out of probate proceedings, the Court lacks jurisdiction under the probate exception to federal subject matter jurisdiction.  "[T]he probate exception prevents a federal court from probating a will, administering a decedent's estate, or disposing of property in the custody of a state probate court." *Goncalves by & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017); *see Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006)).

Here, Plaintiff's requests for declaratory judgment and injunctive relief all ask the Court to interfere in the administration of Nick Martino's estate.  Specifically, Plaintiff asks the Court to declare that the probate court's orders are void for illegality, that various documents filed in the probate court are invalid and/or fraudulent, that the Estate was

---

[2] In light of this holding, the Court declines to reach the Judicial Defendants' remaining arguments.

harmed as a result of the probate court's rulings, and that Judge Kelety be disqualified from the probate case.  (Compl., Prayer for Relief, ¶ 1.)  Plaintiff further asks the Court to enjoin enforcement of the probate court's March 5, 2020 order, prohibit the Martino Defendants from accessing the Estate's property, and order Defendants to retract fraudulent documents filed in the probate court. (*Id.* ¶ 2.)

Such requests are not permitted in federal court under the probate exception to subject-matter jurisdiction.  "The Complaint asks this Court to undo the probate court's orders and administer the estate itself . . . . The probate exception forbids this." *Profita v. Andersen*, No. CV 18-00286-PA (DFM), 2018 WL 4199214, at *4 (C.D. Cal. Aug. 8, 2018), *report and recommendation adopted*, No. CV 18-00286-PA (DFM), 2018 WL 4191611 (C.D. Cal. Aug. 31, 2018), *aff'd*, 771 F. App'x 414 (9th Cir. 2019); *see State Farm Life Ins. Co. v. Cai*, No. 09-CV-00396-LHK, 2010 WL 4628228, at *4 (N.D. Cal. Nov. 4, 2010) ("To remove the Special Administrator or enjoin her from further administering the estate, as [Plaintiff] requests, would effectively require this Court to assert control over the administration of estate assets currently in custody of the probate court. Under the probate exception, this Court lacks jurisdiction to provide such relief."); *Hassanati v. Int'l Lease Fin. Corp.*, 51 F. Supp. 3d 887, 896–97 (C.D. Cal. 2014), *aff'd sub nom. Hassanati ex rel. Said v. Int'l Lease Fin. Corp.*, 643 F. App'x 620 (9th Cir. 2016) (holding court lacked jurisdiction under the probate exception to appoint plaintiffs as the personal representatives of the decedents) (citing cases); *Brooks v. Atwood*, 710 F. App'x 313 (9th Cir. 2018) ("The district court properly dismissed for lack of subject matter jurisdiction Brooks' claims seeking injunctive or declaratory relief because under the probate exception federal courts lack subject matter jurisdiction over pending state court probate matters.").  Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive or declaratory relief.[3]

---

[3] To the extent Plaintiff seeks monetary damages for violation of her constitutional rights, the probate exception does not apply.  "Claims merely related to probate matters are not within the probate exception." *Campi v. Chirco Tr. UDT 02-11-97*, 223 F. App'x 584, 585

Additionally, the Court finds Plaintiff's claims against the Judicial Defendants are barred by the *Rooker-Feldman* doctrine, which "recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (citations omitted).

"It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). A district court must refuse to hear such a de facto appeal, and "[a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id.* at 1158.

Although Plaintiff claims her action is not a de facto appeal and thus not barred by the *Rooker-Feldman* doctrine, her Complaint on its face challenges the "illegal and void orders" of the probate court which "allow[ed] [Tracey Martino] to administer this Estate." (Compl. ¶ 15; *see id.* ¶ 16 (alleging the probate court's orders are unconstitutional because the court exceeded its jurisdiction and issued "illegal and void orders").) In other words, Plaintiff alleges the probate court committed legal error by appointing Tracey Martino, rather than Plaintiff, as the administrator of the Estate. Indeed, Plaintiff "seeks injunctive relief and declaration that the orders issued by the [San Diego County Superior Court] are void ab initio because they are based on illegality." (*Id.* ¶ 8.) This falls squarely within the *Rooker-Feldman* prohibition. *See Ezor v. Goetz*, 698 F. App'x 442 (9th Cir. 2017) (finding district court properly concluded it lacked subject matter jurisdiction under *Rooker-Feldman* over claims amounting to de facto appeal of state probate judgment).

_____

(9th Cir. 2007) (finding probate exception did not apply to cause of action alleging fraud, undue influence, and breach of fiduciary duties). If a plaintiff "seeks only general in personam damages against a representative of an estate or a third-party stemming from testamentary or probate matters, the probate exception does not apply." *Balestra v. Balestra-Leigh*, No. 3:09-CV-00563-RCJ, 2010 WL 2836400, at *3 (D. Nev. July 15, 2010) (citing *Lefkowitz v. Bank of New York*, 528 F.3d 102, 107–08 (2d Cir. 2007)).

To the extent Plaintiff argues the *Rooker-Feldman* doctrine does not apply because her claims allege extrinsic fraud, her argument likewise fails. The Ninth Circuit has held *Rooker-Feldman* "does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004).

Here, however, Plaintiff's claims against the Judicial Defendants are premised on allegedly erroneous orders issued by Judge Kelety, not extrinsic fraud. "Extrinsic fraud is conduct which prevents a party from presenting his claim in court." *Id.* at 1140; *see Johnson v. Athenix Physicians Grp.*, Inc., No. 319CV01888AJBMDD, 2020 WL 133895, at *3 (S.D. Cal. Jan. 10, 2020) (explaining extrinsic fraud is "not an error by that court" but "rather, a wrongful act committed by the party or parties who engaged in the fraud") (citing *Kougasian*, 359 F.3d at 1141). Although Plaintiff alleges the Martino Defendants submitted fraudulent documents to the court, she does not sufficiently allege that these documents "somehow prevented Plaintiff from being able to put forward evidence." *Id.* Plaintiff argues she was deprived of her constitutional rights because she was not given the opportunity to be heard on her petitions and objections in probate court. But Plaintiff's own Complaint reflects that she submitted a petition to the probate court and made objections. Moreover, the docket and filings from the probate court show Plaintiff filed various petitions and objections and was present at hearings.[4] (*See* Exs. B–H to Judicial Defs.' Req. for Judicial Notice.) Any alleged fraud "would have merely weakened

---

[4] The Court takes judicial notice of nine exhibits submitted by the Judicial Defendants, which are court records and filings in the Superior Court case of *Estate of Nick Martino*. (Judicial Defs.' Req. for Judicial Notice, ECF No. 12-2; Judicial Defs.' Supp. Req. for Judicial Notice, ECF No. 33-1); *see* Fed. R. Evid. 201. Court records, as public records, are generally subject to judicial notice, although a court cannot judicially notice disputed facts contained within such records. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001); *see Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). The Court accordingly takes notice of the records' existence and the facts cited here, but not necessarily of allegations contained within the parties' filings.

Plaintiff's case, rather than prevented [Plaintiff] 'from getting into court at all.' " *Lewis v. L.A. Metro. Transit Auth.*, No. CV191456PSGJPRX, 2019 WL 6448944, at \*4 (C.D. Cal. Sept. 10, 2019) (quoting *Basco v. Toyota Motor Corp.*, No. CV 09-6307-GHK (RZX), 2011 WL 13127142, at \*5 (C.D. Cal. Nov. 30, 2011)); *see id.* at \*3 ("Unlike the plaintiff in *Kougasian*, who had no opportunity to rebut the declaration because of the defendant's actions, Plaintiff had an opportunity to make his arguments in state court.").  The extrinsic fraud exception to *Rooker-Feldman* thus does not apply to Plaintiff's claims against the Judicial Defendants.

In sum, Plaintiff's § 1983 claims against the Judicial Defendants are based in the purported invalidity of the probate court's decisions and thus constitute a de facto appeal of state court judgments.  To the extent Plaintiff seeks damages for alleged wrongs committed by the Judicial Defendants, those claims are inextricably intertwined with her de facto appeal because this Court would have to find the state court erred for Plaintiff to prevail.  *See Kougasian*, 359 F.3d at 1142 ("The federal plaintiff is also barred from litigating, in a suit that contains a forbidden de facto appeal, any issues that are 'inextricably intertwined' with issues in that de facto appeal."); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined.").  Because *Rooker-Feldman* bars Plaintiff's claims for equitable relief, her intertwining claims for damages are likewise barred.  *See Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 644 (N.D. Cal. 2007), *aff'd*, 308 F. App'x 176 (9th Cir. 2009).[5]  The Court therefore lacks subject matter jurisdiction over Plaintiff's § 1983 claims.

---

[5] In *Khanna*, the plaintiff was disbarred and subsequently filed suit against the California bar.  The court found *Rooker-Feldman* did not apply because the plaintiff sought only money damages, not readmission or reinstatement, and thus he was not seeking relief from a state judgment.  However, it explained that once *Rooker-Feldman* does apply to bar a de facto appeal, damages claims are also barred if "inextricably intertwined" with the equitable relief sought by the plaintiff. 505 F. Supp. 2d at 644; *see Mothershed v. Justices*

2.  <u>Immunity</u>

Further, the Court finds Plaintiff's claims against the Judicial Defendants are foreclosed by judicial and Eleventh Amendment immunity.  First, Judge Kelety is entitled to judicial immunity.  "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).  Although Plaintiff argues judicial immunity does not apply because Judge Kelety committed non-judicial acts, the Court cannot agree.  Plaintiff's Complaint "challenges actions by the Defendant which are judicial in nature and taken in an ongoing state proceeding within the state probate court's jurisdiction." *Grant v. Bostwick*, No. 15-CV-874 WQH (BLM), 2016 WL 3983075, at *5 (S.D. Cal. July 21, 2016) (holding probate judge was protected by judicial immunity).  Judge Kelety's denial of Plaintiff's petition and appointment of Tracey Martino as administrator of the Estate are plainly acts performed in her judicial capacity and Plaintiff does not sufficiently allege otherwise.  *See Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (finding judge's ruling on motion and exercising control over courtroom are judicial acts entitled to immunity); *Johnson*, 2020 WL 133895, at *2 (denying claims against Superior Court judges as barred by *Rooker-Feldman* doctrine and judicial immunity where plaintiff's complaint "reads like an appeal of the state court proceedings" and it is thus "apparent" that accusations arose out of probate court judges' official acts).

Plaintiff next argues judicial immunity does not apply because she is suing Judge Kelety in equity.  *See Ashelman*, 793 F.2d at 1075 ("Judicial immunity does not extend to actions for prospective injunctive relief.")  However, under 42 U.S.C. § 1983, "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  Here, Plaintiff has not shown declaratory relief is unavailable, because "[t]o the extent that Plaintiff seeks to challenge the decisions Defendant has made in probate

---

*of Sup. Ct.*, 410 F.3d 602, 608 (9th Cir. 2005) (affirming dismissal of § 1983 claims as barred by *Rooker-Feldman* where defendant sought injunction and money damages).

court proceedings, Plaintiff is free to file an appeal with the California Court of Appeal." *Grant*, 2016 WL 3983075, at *5 (concluding exception for prospective injunctive relief did not apply to § 1983 claim against probate judge); *Weldon v. Kapetan*, No. 117CV01536LJOSKO, 2018 WL 2127060, at *4 (E.D. Cal. May 9, 2018) (finding § 1983 claims against judge failed because declaratory relief was available where plaintiff had opportunity to appeal).

Second, the California Superior Court and the California Judicial Council are immune under the Eleventh Amendment. "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003)). These defendants are both state agencies and thus Plaintiff's claims against them are barred.[6] *See Simmons v. Sacramento Cty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (claim against Superior Court is barred by Eleventh Amendment); *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004) (stating Judicial Council "is clearly a state agency").

**B. § 1983 Claims Against the Martino Defendants**

The Martino Defendants move to dismiss on the grounds that Plaintiff lacks standing, and move to strike Plaintiff's claims under California's anti-SLAPP[7] statute and litigation privilege.[8] As a preliminary matter, to the extent Plaintiff's claims seek

---

[6] Moreover, a state, its officials acting in their official capacities, and agencies that are considered "arms of the State" for Eleventh Amendment purposes are not "persons" subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989); *see Torres v. Judicial Council*, No. 17CV0028 JM(JLB), 2017 WL 1281914, at *3 (S.D. Cal. Apr. 6, 2017) ("As the Judicial Council of California and the Superior Court are indisputably state agencies, Plaintiff cannot assert a [§ 1983] damages claim against these Defendants.").

[7] SLAPP stands for "Strategic Lawsuits Against Public Participation."

[8] In the alternative, the Martino Defendants move to stay this action. Because the Court grants Defendants' motions to dismiss, the Court need not reach this issue.

injunctive or declaratory relief against the Martino Defendants, the Court lacks jurisdiction under the probate exception for the reasons discussed above. However, to the extent Plaintiff's § 1983 claims are not foreclosed by the probate exception, the Court finds Plaintiff fails to state a claim.

First, the Martino Defendants' state law arguments are unavailing with respect to Plaintiff's § 1983 claims because neither the anti-SLAPP statute nor California's litigation privilege applies to federal causes of action. *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010) (stating federal court "can only entertain anti-SLAPP special motions to strike in connection with state law claims"); *Kimes v. Stone*, 84 F.3d 1121, 1127 (9th Cir. 1996) (finding Cal. Civ. Code § 47(b) did not protect attorneys' communications in probate litigation and state immunity law does not apply to federal § 1983 claims).

Second, the Martino Defendants argue Plaintiff lacks statutory standing because she is not the surviving spouse of Nick Martino. The Court need not address this issue, because even assuming Plaintiff can establish standing, she nevertheless fails to state a claim under § 1983.[9]

A trial court may dismiss a claim *sua sponte* under Federal Rule of Civil Procedure 12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citing *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981)). "Such a dismissal may be made without notice where the claimant cannot possibly win relief." *Id.* To state a claim under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Dismissal of a § 1983 claim is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015).

Here, Plaintiff does not plausibly allege the Martino Defendants were acting under color of state law. Plaintiff makes conclusory allegations to that effect, including that the

---

[9] The Martino Defendants' Request for Judicial Notice is therefore denied.

Martino Defendants conspired with Judge Kelety to deprive Plaintiff of property interests in the Estate. (*See, e.g.*, Compl. ¶¶ 283, 367.)  However, the substance of Plaintiff's allegations centers around Tracey Martino's appointment as administrator of the Estate after petitioning the probate court through counsel.  In the probate context, "appointment by a court is not sufficient to render a private party a state actor." *Witte v. Young*, No. 2:14-CV-2439-TLN-EFB, 2015 WL 5232681, at *4 (E.D. Cal. Sept. 8, 2015) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)) (dismissing § 1983 claims against the administrator of an estate and her attorney).  The court in *Witte* further rejected the plaintiff's argument that the defendants were state actors because they "acted together with the judge and clerk of the probate court to deprive Plaintiff of his right to petition." *Id.*  It found that engaging in law and motion practice before the probate court "clearly is insufficient to render defendants state actors." *Id.*  Similarly, here, the Court cannot find that Tracey Martino's actions as administrator, or the Martino Defendants' actions petitioning the probate court, were under color of state law.  *See id.* ("[T]he mere facts that Young was appointed by the probate court as the administrator of the estate is insufficient to render Young and her attorney, defendant Carver, state actors."); *see also Profita*, 2018 WL 4199214, at *4 (finding, in probate context, "an attorney . . . who is representing a client does not act under color of state law").  The Court therefore dismisses Plaintiff's § 1983 claims against the Martino Defendants.

## C. State Law Claims

Plaintiff's remaining claims are brought under California state law.  The Court may "decline to exercise supplemental jurisdiction" over a state law claim if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").  Given the dismissal of Plaintiff's federal claims,

as discussed above, the Court declines to exercise supplemental jurisdiction over the balance of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c).

**D. Leave to Amend**

Generally, when a court dismisses a complaint, leave to amend is granted "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citation omitted).

Here, any amendment would be futile because Plaintiff's claims against the Judicial Defendants are barred by the probate exception, *Rooker-Feldman*, and judicial immunity. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (where amendment of complaint would be futile, denial of leave to amend is appropriate). With respect to the Martino Defendants, "[a] § 1983 claim against these Defendants is frivolous and these deficiencies could not be cured with leave to amend." *Profita*, 2018 WL 4199214, at *4 (dismissing claims against trust beneficiaries and their attorney). The Court accordingly denies leave to amend.

## IV.

## CONCLUSION AND ORDER

For the reasons set out above, the Martino Defendants' motion to dismiss is GRANTED, and the Judicial Defendants' motion to dismiss is GRANTED. Plaintiff's Complaint is hereby DISMISSED without leave to amend. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: May 2, 2021

_____

Hon. Dana M. Sabraw, Chief Judge
United States District Court

13